UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GREGORY HERNDON,

          Petitioner,

v.

MICHAEL SAUDINO,

          Respondents.

**Hon. William J. Martini**

Civil No. 11-2325 (WJM)

**MEMORANDUM OPINION**

It appearing that:

1. On April 25, 2011, the Clerk received a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, submitted jointly by 14 persons detained at Bergen County Jail in Hackensack, New Jersey. In the Petition, the 14 petitioners challenge "being arrested for civil debt without probable cause & jailed for months (child support)." (Docket Entry #1, p. 2.) In response to the question asking for the judgment being challenged, the Petition does not specify even one judgment but states that it is challenging "numerous state family court cases because of numerous petitioners." (Id.) Petitioners seek release from detention. (Id. at 10.)

2. "Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). The Habeas Rules require a petition to specify the judgment being challenged, specify the federal grounds for relief available to the petitioner, state the facts supporting each ground, state the relief requested, be typewritten or legibly handwritten, be signed under penalty of perjury by the petitioner or an authorized person, and to substantially follow the form appended to the rules. See 28 U.S.C. § 2254 Rule 2(c) & (d), applicable to § 2241 cases through Rule 1(b); see also Mayle v. Felix, 545 U.S. 644, 655 (2005). Local Civil Rule

81.2(a) provides that a pro se habeas petition shall be on the form supplied by the Clerk.  See Local Civ. R. 81.2(a).

3.  Habeas Rule 2(e) requires separate petitions to challenge separate judgments.  See 28 U.S.C. § 2254 Rule 2(e), applicable to § 2241 cases through Rule 1(b).

4.  Section 2254(a) of Title 28 of the United States Code provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

5.  Section 2241 of Title 28 of the United States Code provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

6.  Where a petitioner seeks federal habeas corpus relief from incarceration with respect to an order of contempt for refusing to comply with an order or judgment issued by a state court, jurisdiction is under 28 U.S.C. § 2254(a), rather than 28 U.S.C. § 2241(c).  See Carrascosa v. McGuire, 520 F. 3d 249 (3d Cir. 2008); Chadwick v. Janecka, 312 F. 3d 597 (3d Cir. 2002); cf. Coady v. Vaughn, 251 F. 3d 480 (3d Cir. 2001).

7.  The Petition here is improperly brought under 28 U.S.C. § 2241, rather than 28 U.S.C. § 2254(a).  In addition, the Petition does not comply with Habeas Rule 2; the Petition does not specify the judgment being challenged, and it seeks to challenge not one but 14 different unidentified New Jersey judgments in 14 different unidentified child support cases, contrary to Habeas Rule 2.  In other words, the Habeas Rules require each petitioner who seeks to challenge a state court judgment to bring a separate habeas action under 28 U.S.C. § 2254 challenging a specified state court judgment or order rendered with regard to that petitioner's detention.

8. This Court will construe the habeas petition docketed in this action as Docket Entry #1 as a Petition filed solely by Gregory Herndon, pursuant to 28 U.S.C. § 2254, challenging his incarceration pursuant to an unidentified New Jersey order for contempt, as Herndon is the only petitioner who signed the petition and jurisdiction over a habeas challenge to a state court contempt order lies under § 2254.

9. However, so construed, Herndon's Petition is deficient because it is not on the form provided by the Clerk and it does not identify the judgment being challenged by date, court and docket number. Because the Petition is deficient, when construed as a Petition brought solely by Petitioner Herndon, this Court will administratively terminate this matter, without prejudice to the filing of an amended petition under 28 U.S.C. § 2254 by Gregory Herndon within 30 days, which complies with Habeas Rule 2.

10. This Court will also direct the Clerk to open 14 new separate habeas matters under 28 U.S.C. § 2254 in the name of each remaining petitioner, assign each case on the wheel, docket the Petition in each of these matters as docket entry #1, docket this Opinion and the accompanying Order as docket entry numbers 2 and 3 in each new action, and administratively terminate each new matter, without prejudice to the filing of a separate petition by each petitioner, on the form supplied by the Clerk, which challenges an identified state court judgment or order with respect to that petitioner. In the event that a petitioner submits his own § 2254 petition, then that petitioner shall label the petition with his specific docket number and either prepay the $5 filing fee or submit an application to proceed in forma pauperis.

11. An appropriate Order accompanies this Opinion.

              s/William J. Martini

              _____
              **WILLIAM J. MARTINI, U.S.D.J.**

Dated:  6/8         , 2011